

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHELLY W.,

                                Plaintiff,

        v.

MARTIN O'MALLEY, Commissioner of Social Security,

                                Defendant.

NO:  1:24-CV-3103-TOR

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING DEFENDANT'S BRIEF

    BEFORE THE COURT are the parties' briefs seeking judgment in this case. ECF Nos. 10, 13, 14.  The briefing was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, Plaintiff's request for remand, ECF No. 10, is DENIED, and Defendant's request for affirmance, ECF No. 13, is GRANTED.

//

//

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.*  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).  Further, a district court "may not reverse an ALJ's decision on account of an error

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 2

that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 3

disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 4

404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work

"exists in significant numbers in the national economy."  20 C.F.R. § 416.1560(c);

*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

Determination of whether a person's eligibility has ended for disability benefits involves an eight-step process under Title II.  20 C.F.R. §§ 404.1594(f)(1)-(8).  The first step addresses whether the claimant is engaging in substantial gainful activity.  20 C.F.R. § 404.1594(f)(1).  If not, step two determines whether the claimant has an impairment or combination of impairments that meet or equal the severity of listed impairments set forth at 20 C.F.R. pt. 404, subpt. P, app. 1.  20 C.F.R. §§ 404.1520(d), 404.1594(f)(2).

If the impairment does not equal a listed impairment, the third step addresses whether there has been medical improvement in the claimant's condition.  20 C.F.R. § 404.1594(f)(3).  Medical improvement is "any decrease in the medical severity" of the impairment that was present at the time the individual was disabled or continued to be disabled.  20 C.F.R. § 404.1594(b)(1).

If there has been medical improvement, at step four, a determination is made whether such improvement is related to the claimant's ability to perform work— that is, whether there has been an increase in the individual's residual functional capacity.  20 C.F.R. § 404.1594(f)(4).  If the answer to step four is yes, the Commissioner skips to step six and inquires whether all of the claimant's current impairments in combination are severe.

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 6

If there has been no medical improvement or medical improvement is not related to the claimant's ability to work, the evaluation proceeds to step five. At step five, consideration is given to whether the case meets any of the special exceptions to medical improvement for determining that disability has ceased. 20 C.F.R. § 404.1594(f)(5).

At step six, if medical improvement is shown to be related to the claimant's ability to work, a determination will be made to assess whether the claimant's current impairments in combination are severe—that is, whether they impose more than a minimal limitation on her physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1594(f)(6). If the answer to that inquiry is yes, at step seven the ALJ must determine whether the claimant can perform past relevant work. 20 C.F.R. §§ 404.1520(e), 404.1594(f)(7).

Finally, at step eight, if the claimant cannot perform past relevant work, a limited burden of production shifts to the Commissioner to prove there is alternative work in the national economy that the claimant can perform given her age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1594(f)(8). If the claimant cannot perform a significant number of other jobs, she remains disabled despite medical improvement; if, however, she can perform a significant number of other jobs, disability ceases. *Id.*

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 7

Prior to the final step, the burden to prove disability and continuing entitlement to disability benefits is on the claimant.  20 C.F.R. § 404.1594; *cf. Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  The Commissioner must consider all evidence without regard to prior findings and there must be substantial evidence that medical improvement has occurred.  42 U.S.C. §§ 423(f)(1), 1382c(a)(4).  The Commissioner views the evidence in a continuing disability review from a neutral perspective, without any initial inference as to the existence of disability being drawn from a prior finding of disability.  42 U.S.C. §§ 423(f)(1), 1382c(a)(4).

If the analysis proceeds to step eight, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  Cf. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; and *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (applying the same burden at the initial disability determination).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income ("SSI") benefits on June 25, 2021, alleging an onset date of January 1, 2005.[1]  Tr. 17.  The claim was

---

[1] Regardless, Plaintiff is not eligible for SSI disability benefits for any month prior to the month following the month he protectively filed his SSI disability benefits application.  20 C.F.R. §§ 416.330, 416.335.

denied initially on November 1, 2021, and upon reconsideration on February 21, 2022. *Id*. Plaintiff requested a hearing. *Id*. A telephonic hearing was held before an administrative law judge ("ALJ") on May 4, 2023. *Id*. On July 21, 2023, the ALJ denied Plaintiff's claim of disability. Tr. 26. The Appeals Council denied review on May 17, 2024. Tr. 1.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 25, 2021. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder ("PTSD"), depressive order, and substance abuse disorder. Tr. 20. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id*. The ALJ then determined Plaintiff had the residual functional capacity to perform a full range of work at all exertion levels with the following nonexertional limitations:

> The claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks. The claimant is able to have occasional, superficial interaction with the public and coworkers.

Tr. 21.

At step four, the ALJ found Plaintiff did not have any past relevant work. Tr. 25. Finally, at step five, the ALJ determined jobs existed in significant

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 9

numbers in the national economy that the Plaintiff could have performed including hand packager, hospital housekeeper and marker.  *Id.*

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying her supplemental security income under Title XVI of the Social Security Act.  Plaintiff raises the following issues:

1.  Whether the ALJ erred in consideration of the medical opinion evidence;

2.  Whether the ALJ erred in evaluating Plaintiff's testimony

ECF No. 10 at 3,16.

## DISCUSSION

**A.  Whether the ALJ erred in consideration of the medical opinion evidence**

Plaintiff argues the ALJ's findings did not properly consider the medical opinion evidence of Dr. David Morgan and Dr. William Brashear.  Under the new Social Security regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)."  Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).  The factors for evaluating the persuasiveness of medical opinions and prior

administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Those factors are defined as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 11

opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.*

### i. Dr. Morgan

Dr. Morgan performed a psychological/psychiatric evaluation on Plaintiff June 18, 2021. Tr. 776. Dr. Morgan listed Plaintiff's PTSD and chemical dependency as mental health symptoms that affect Plaintiff's ability to work. The ALJ states that Dr. Morgan opined that Plaintiff "was able to understand, remember, and carry out short instructions, with moderate limitations in adapting to routine changes and marked limitations in completing activities within a schedule." Tr. 24.

The ALJ found the opined limitation to short instructions persuasive because it was supported by Dr. Morgan's internal mental status findings. However, she found the remainder of the opinion unpersuasive as inconsistent with the evidence

1   received at the hearing level.  *Id.*  Specifically, she found the hearing evidence did

2   "not contain objective findings to indicate this degree of limitation, including

3   primary care records reporting no mental health problems and the claimant's own

4   admission of improvement with psychotropic medication management and change

5   in life circumstances . . . ."  Substantial evidence supports the ALJ's inconsistency

6   finding.

7        Plaintiff argues the ALJ improperly rejected the latter portion of Dr.

8   Morgan's opinion because it is adequately supported by the record.  ECF No. 10 at

9   4-9.  Plaintiff first argues the reason the primary care records do not contain any

10  reporting of mental health problems was because Plaintiff was attending a dual

11  diagnosis program at Comprehensive Healthcare for mental impairments and

12  substance abuse.  ECF No. 10 at 6.  She argues the primary care doctors were

13  aware of this and thus only treated her for physical conditions that arose

14  intermittently.  *Id.*

15       Indeed, a review of the record reveals four primary care visits between

16  February 22, 2021 and May 13, 2021 noting that Comprehensive Healthcare was

17  handling Plaintiff's psych medications.  Tr. 315, 318, 322, 325.  Further, a visit

18  with a primary care physician on March 29, 2021 lists Plaintiff's chief complaint

19  including an increase in PTSD triggers and worsening anxiety around people.  Tr.

20  318.  Thus, ALJ's finding that the primary care records show no history of mental

health issues is a mischaracterization of the evidence.  Additionally, the

significance of the inconsistencies with the two primary care records the ALJ cited

are also somewhat undermined by the fact Plaintiff's primary reasons for the

appointments were to address painful cysts on her wrist and ongoing pelvic

cramping, not mental health problems.  Tr. 577, 788.  However, the ALJ did not

solely rely on these records in supporting her reasoning.

In support of the ALJ's finding that the Plaintiff admitted to improvement

with psychotropic medication management and change in life circumstances, the

ALJ cited three Comprehensive Healthcare records (Tr. 867, 1036, 1109).  The

first from March 23, 2022 reports Plaintiff as having a dysphoric and anxious

affect, poor concentration, insight and judgment, and feelings including

worthlessness, hopelessness, and helplessness, but with fair memory.  Tr. 868.  She

reported ongoing and worsening depression, anxiety, and irritability over the

previous weeks.  Tr. 864.  However, treatment notes also indicated Plaintiff

reported that she stopped working in January 2021 due to her substance abuse but

reported her last illicit substance use to be January 12, 2021.  Tr. 866, 867.

The second record from November 8, 2022 (Tr. 1030) likewise presents

Plaintiff as dysphoric, anxious, feelings of worthlessness and helplessness, poor

insight and judgment, poor concentration, but with fair memory.  Tr. 1035-1036.

Further, she reported "worsening [symptoms] of depression and mood swings due

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 14

to nightmares, poor sleep, and negative racing thoughts." Tr. 1030.  However, the record also notes Plaintiff acknowledged her living situation was not helping because her partner's uncle, whom they lived with, was deteriorating in health which was sad.  *Id.*  Additionally, Plaintiff did not mention ongoing or increased issues with going out in public or paranoid feelings of being watched by others and seemed to be "somewhat stable" at that visit.  Tr. 1030-1031, 1039l.

The last cited Comprehensive Healthcare record from February 23, 2023, reported Plaintiff with ongoing symptoms of depression, anxiety and irritability but a marked improvement in the depressive symptoms and daytime racing thoughts and irritability.  Tr. 1109.  Plaintiff reported this improvement was due to an increase in psychotropic medication, the fight with social security being almost over and her and her daughter's upcoming weddings.  Tr. 1109.  Her mental status exam also presented Plaintiff as anxious with poor concentration, but with fair insight and judgment, and memory.  Tr. 1114-1115.

The Court finds the ALJ's evaluation of the consistency factor as to Dr. Morgan's opinion supported by substantial evidence.

*ii.  William Brashear (SUDP)*

William Brashear ("Brashear"), a substance abuse disorder professional, provided two separate medical opinions on May 26, 2022 and May 2, 2023 respectively.  The ALJ stated:

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 15

1

> William Brashear, SUDP, opined in two separate statements that the claimant had a moderate to marked limitation in performing short and simple instructions, a marked limitation in sustaining ordinary routine and working in coordination with or proximity to others, severe limitations in completing a normal workday or workweek, and would be off-task for over 30% of the workday with four or more absences each month (9F, 12F).

Tr. 24.

The ALJ found this opinion unpersuasive for several reasons. First she found Brashear to not be an acceptable medical source as a substance use disorder professional nor did he indicate having any particular knowledge of the laws and regulations of the Social Security Administration's program. Tr. 24. Next, the ALJ found that the need for some mental limitations was supported by Brashear's internal findings and observations of Plaintiff during abuse counseling sessions. Tr. 24. However, the ALJ found the degree of limitation indicated, including the off-task limitation, to be overall inconsistent with the general record such as the primary care records reporting no mental health problems, Plaintiff's reported improvement with psychotropic medication management and change in life circumstances, and Plaintiff's reported daily living activities. *Id.* In support, the ALJ cited to two primary care records, the hearing testimony, and two Function Reports. *Id.*

Plaintiff argues, and Defendant appears to concede, that Brashear is an acceptable medical source pursuant to 20 C.F.R. § 416.902(a). ECF Nos. 10 at 12,

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 16

13 at 5-6. However, Defendant does argue that any error was harmless because the ALJ appropriately addressed the consistency and supportability of the opinion regardless. ECF No. 13 at 6. The Court will treat Brashear's reports as from a proper medical source pursuant to 20 C.F.R. § 416.902(a) that required the ALJ to address the supportability and consistency factors.

Next, Plaintiff again argues the primary care treatment records do not address mental health problems for the reasons stated prior. The ALJ pointed to two primary care records dated 12/9/2021 and 12/13/2022. *Id.* The former reported Plaintiff as awake, alert and oriented, cooperative and with appropriate mood and affect at the time of the appointment. Tr. 577. And the latter reported no anxiety or depression. Tr. 788. As previously discussed, the ALJ's conclusion that none of the primary care records reported mental health problems is a mischaracterization of the records. Several primary care records mention Comprehensive Health as handling Plaintiff's psych medications addressing mental health problems. Tr. 315, 318, 322, 325. However, any such error was harmless for the reasons stated below.

Plaintiff next argues that Brashear's reports were not inconsistent with Plaintiff's medical records nor her reported daily activities from the two Function Reports the ALJ cited to (Tr. 226-241). ECF No. 10 at 13-15. In both Function Reports, dated September 30, 2021 and December 1, 2021 respectively, Plaintiff

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 17

reported being able to complete daily tasks such as household chores, preparing meals, and attending Narcotics Anonymous ("NA") meetings.  Tr. 226-240.  She also reported in the December 1, 2021 Function Report that she is capable of paying attention if it is only one person talking to her, and that she can follow written and spoken instructions if not interrupted and any spoken instructions are explained clearly.  Tr. 239.  However, as Plaintiff points out, she also reported anxiety when dealing with other people and a resulting reluctance to leave the house, and issues with memory, completing tasks, following instructions, concentration, and understanding.  Tr. 238-239.

The Court finds the ALJ's reasoning and citations to the record support finding that the degree of Bashear's checked limitations were inconsistent with the record.  Therefore, the Court finds the ALJ adequately addressed the consistency and supportability factors in finding Brashear's opinion unpersuasive.

Plaintiff makes an additional argument that the ALJ erred in giving greater weight to the state agency medical consultants' opinions rather than Dr. Morgan and Brashear's opinions because they did not examine Plaintiff, did not review all the records in Plaintiff's exhibit file at the time of the ALJ's decision, and did not address the significant limitations addressed by Dr. Morgan and Brashear.  ECF No. 10 at 15.  The revised social security regulations no longer give deference to treating and examining physicians.  *See* 20 C.F.R. § 404.1520c(a) ("We will not

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 18

defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources.").  The ALJ did not err.

## B. Whether the ALJ erred in evaluating Plaintiff's testimony

Plaintiff argues the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony as to her symptoms and functional limitations.  ECF No. 10 at 16.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 19

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7-*8; 20

C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

Here, the ALJ found that while Plaintiff's medically determinable impairments could reasonably cause the alleged symptoms, Plaintiff's subjective testimony on the intensity, persistence and limiting effects of the symptoms were not entirely consistent with medical evidence and other evidence in the record.  Tr. 22.

First, the ALJ noted that despite Plaintiff's reported mental symptoms, "examinations showed a mixture of both normal and abnormal clinical findings of memory, insight, judgment, speech, concentration, thought process, thought content, mood, and affect."  *Id.*  The ALJ cited to two primary care records that presented Plaintiff as cooperative, of appropriate mood and affect, and without anxiety or depression.  Tr. 577,788.  As previously discussed, these primary records are not particularly persuasive as an indicator of the degree Plaintiff's mental health symptoms, however, the ALJ also provided additional support.

The ALJ also found that while Plaintiff testified anxiety and difficulty with instructions prevented her from returning to work, her treatment notes reflect normal findings of behavior and "fair" findings of memory.  Tr. 23.  Further, the ALJ reasoned that Plaintiff's ability to "manage her own personal care, live with

others, perform household chores, shop in store, manage her own financial affairs, maintain contact with her granddaughter through Facebook video, and attend NA meetings up to three times a week" was also inconsistent with Plaintiff's allegations that she could not return to work due to anxiety in dealing with people. Tr. 23.

The ALJ also cites Plaintiff's ability to maintain sobriety for two years, her reported marked improvement in certain mental health symptoms with effective treatment in a more recent treatment record, and her anticipated marriage and adjustment to a new living situation as evidence that she can perform work consistent with the determined residual function capacity. Tr. 23.

The Court finds the ALJ adequately articulated clear and convincing reasons why she found Plaintiff's alleged degree of limitations as inconsistent with other evidence of the record. The ALJ determined in the residual function capacity that Plaintiff could "understand, remember, and carry out simple, routine, and repetitive tasks" and could have "occasional, superficial interaction with the public and coworkers." Tr. 21. Plaintiff argues that variations in mental status examinations is not a reason to discount her subjective testimony, nor did her discussed activities undermine her testimony. ECF No. 10 at 17-19. "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it

ORDER DENYING PLAINTIFF'S BRIEF
AND GRANTING DEFENDANT'S BRIEF ~ 22

has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). The Court finds the ALJ has provided such a rationale here.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 10, is **DENIED**

2. Defendant's Brief (effectively a motion for summary judgment), ECF No. 13, is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED January 27, 2025.

THOMAS O. RICE
United States District Judge